IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:07-cr-00133

SHANTE BOWLES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Reduction of Sentence pursuant to the First Step Act filed by the Defendant, Shante Bowles. [ECF No. 70]. For the reasons that follow, Mr. Bowles's Motion is **GRANTED**.

### I. First Step Act

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The First Step Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair

Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted).

The First Step Act of 2018 expressly allows courts to modify a term of imprisonment. *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019). Section 404 of the First Step Act applies the statutory relief of the Fair Sentencing Act of 2010 retroactively to eligible defendants. Any defendant sentenced before the effective dates of the Fair Sentencing Act (August 3, 2010), and who did not receive the benefit of the changes to the statutory penalties made by the Act, is eligible for a sentence reduction under the First Step Act. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base that triggers the mandatory minimum and maximum penalties under 21 U.S.C. § 841.

The First Step Act places significant discretion with the United States District Courts. *See Wirsing*, 943 F.3d at 180. It does not specify the nature and extent of the relief available. Courts are not compelled to grant relief. The First Step Act grants authority to the sentencing judge to make the final determination about whether to lower an eligible defendant's sentence and if so, how much that sentence should be lowered.

The proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(B). *Wirsing*, 943 F.3d at 184. "Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range." *United States v. Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2 (S.D.W. Va. Nov. 21, 2019).

Modifying the sentence under § 3582(c)(1)(B) does not require a hearing or the defendant's presence. *See e.g., id.* ("Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing."); *Brown v. United States*, No. CR ELH-00-0100, 2020 WL 1248950, at *6 (D. Md. Mar. 16, 2020); *United States v. Lewis*, No. CR 08-0057 JB, 2020 WL 128580, at *25 (D.N.M. Jan. 10, 2020);*United States v. King*, No. 3:02-CR-00067, 2019 WL 7563528, at *5 (M.D. Tenn. Oct. 30, 2019); *United States v. Wright*, No. 1:06-CR-119, 2019 WL 5569674, at *3 (M.D. Pa. Oct. 29, 2019).

The First Step Act further grants courts statutory authority to conduct a full resentencing. *Jackson*, 2019 WL 6245759, at *2. The First Step Act allows a court to "impose a reduced sentence" if an individual is eligible. Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Thus, this language allows for a resentencing under the First Step Act. *Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759 (citing *Wright v. United States*, 393 F. Supp. 3d 432, 441 (E.D. Va. 2019), order amended and superseded, No. 4:95-CR-39, 2019 WL 6039954 (E.D. Va. Nov. 14, 2019)). "It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case." *Id.*

## II. Discussion

### a. Statutory Penalties

Mr. Bowles is eligible for consideration of a sentence reduction under the First Step Act. On March 10, 2008, Mr. Bowles pled guilty to the offense of distribution of five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) as described in Count One of an indictment returned against him. [ECF No. 22]. Mr. Bowles was thus convicted before the Fair Sentencing Act became effective. The changes to the statutory penalties made by the Fair Sentencing Act would benefit Mr. Bowles and he has not previously received such a benefit.

Prior to the Fair Sentencing Act of 2010, Possession with the Intent to Distribute 5 Grams or More of Cocaine Base carried a penalty of a minimum of five years to a maximum of forty years imprisonment, followed by a term of supervised release of at least four years. A conviction carrying these penalties qualifies as a Class B felony. The Fair Sentencing Act amended 21 U.S.C § 841(b)(1)(B)(iii) to require 28 grams of cocaine base to trigger the associated minimum and maximum penalties. After the enactment of the Fair Sentencing Act, Distribution of 5 Grams or More of Cocaine Base is covered under 21 U.S.C. § 841(b)(1)(C), which carries a penalty of a maximum of twenty years imprisonment, followed by a term of supervised release of at least three years. A conviction carrying these penalties qualifies as a Class C felony. Section 404 of the First Step Act therefore places Mr. Bowles's cocaine base conviction, Count One, within the scope of 21 U.S.C. § 841(b)(1)(C).

b.  Sentencing Guidelines

Because of his criminal history, Mr. Bowles was subject to the provisions of the Career Offender enhancement. He was older than 18 years of age at the time Count One was committed. Count One qualifies as a felony conviction of a controlled substance offense. He had two prior qualifying felony convictions: (1) for Possession with Intent to Deliver a Controlled Substance and (2) for Felony Possession with Intent to Deliver Cocaine, which both qualify as controlled substance offenses under § 4B1.2. The starting base offense level for a career offender with a statutory maximum penalty of 40 years was 34. U.S.S.G. § 4B1.1(b). With a three-point offense level reduction for acceptance of responsibility, Mr. Bowles's total offense level at his original sentencing hearing was 31. His criminal history category was automatically VI, due to his career offender designation, yielding a guideline range of 188 to 235 months. *See id.* As previously stated, I sentenced Mr. Bowles to 188 months of imprisonment followed by four years of supervised release, which was the bottom of his then Guideline sentencing range.

Applying the First Step Act changes Mr. Bowles's Guideline sentencing range. Because the First Step Act changes Mr. Bowles's statutory exposure to a maximum of 20 years imprisonment (with no minimum imprisonment term), Mr. Bowles's base offense level decreases to 32 under the career offender Guideline. U.S.S.G. § 4B1.1(b). With a three-point offense level reduction for acceptance of responsibility, the total offense level is 29. With a criminal history category of VI, Mr. Bowles Guideline sentencing range is now 151 to 188 months.

### C. Reduction in Sentence

I find a reduction of Defendant's sentence is warranted. The Court finds that the parties' briefs and the original presentencing report sufficiently articulate the offense conduct that may be considered in the § 3553(a) factors. Thus, based on the issues present in the case, the authority under § 404 of the First Step Act, and under § 3582(c)(1)(B), the Court finds a hearing is unnecessary for this matter. *See Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759 ("It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case."). After considering the nature and circumstances of the offense, the history and characteristics of the Defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, I modify the sentence to 151 months of imprisonment followed by three years of supervised release, which is within Mr. Bowles's new Guideline range.

### III. Conclusion

The Motion for Reduction of Sentence [ECF No. 70] is **GRANTED**. This court now reduces and modifies Mr. Bowles's sentence, imposing a term of imprisonment of 151 months, followed by three years of supervised release. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 1, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE